Jeremy E. Abay, Esq. (083862013)
jabay@pondlehocky.com
Marissa S. Terwilliger, Esq. (568882026)
mterwilliger@pondlehocky.com
POND LEHOCKY GIORDANO INC.
30 Washington Avenue, Suite D2
Haddonfield, NJ 08033
(856) 528-8115

*Attorneys for Plaintiff Kevin Getchell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| KEVIN GETCHELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff Kevin Getchell brings this civil action for negligence against Defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, alleging:

## I. INTRODUCTION

1. On January 2, 2026, at approximately 5:30 a.m., Plaintiff was walking into work at Joint Base McGuire-Dix-Lakehurst, located at 2224 Grissom Road, McGuire AFB, New Jersey 08641 (the “Base”), when he slipped on ice and fell.

2. At all material times, the Base, including the fenced-in parking area, curb, and walkway leading to the pedestrian entrance gate where Plaintiff fell, was owned, operated,

maintained, and controlled by Defendant United States of America through the United States Department of Defense.

3. As a result of the fall, Plaintiff suffered acute displaced fractures of the posterior left seventh and eighth ribs and an acute nondisplaced fracture of the posterior left ninth rib, together with injury to his left knee.

4. Plaintiff timely presented an administrative tort claim to the Department of the Air Force, which denied the claim in writing on June 30, 2026. Plaintiff now seeks damages for Defendant's negligence.

## II. The Parties

5. Plaintiff Kevin Getchell is an adult individual residing in Voorhees, New Jersey.

6. Defendant United States of America ("United States" or "Defendant") is the proper defendant in this action under 28 U.S.C. §§ 2674 and 2679(b)(1).

7. At all material times, the United States acted through the United States Department of Defense, the Department of the Air Force, and the 87th Air Base Wing, and through their officers, employees, and agents acting within the scope of their office or employment.

## III. Jurisdiction and Venue

8. This Court has exclusive jurisdiction under 28 U.S.C. § 1346(b)(1) because Plaintiff seeks money damages against the United States for personal injury caused by the negligent or wrongful acts or omissions of employees of the Government while acting within the scope of their office or employment.

9. Under these circumstances the United States, if a private person, would be liable to Plaintiff in accordance with the law of the State of New Jersey.

10. Venue is proper in this District under 28 U.S.C. § 1402(b) because Plaintiff resides in this District and the acts and omissions complained of occurred in this District, at Joint Base McGuire-Dix-Lakehurst in Burlington County, New Jersey.

11. Under 28 U.S.C. §§ 1346(b)(1) and 2674, the substantive law of the State of New Jersey, where the acts and omissions occurred, governs the liability of the United States in this action.

## IV. Facts

### A. The Premises

12. Joint Base McGuire-Dix-Lakehurst is a federal military installation located in New Jersey and operated by the Department of the Air Force through the 87th Air Base Wing.

13. Civilian employees and contractors who work at the Base park in a fenced-in parking area and enter on foot through a badge-swipe pedestrian entrance gate.

14. At all material times, Defendant was responsible for inspecting, maintaining, and removing snow and ice from the parking area, curbs, and walkways leading to the pedestrian entrance gate.

15. On information and belief, snow and ice removal, inspection, and maintenance of the parking area, curbs, and walkways leading to the pedestrian entrance gate were performed by employees of the United States or, to the extent any such work was performed by a contractor, Defendant retained and exercised day-to-day control over the manner, timing, and scope of that work.

### B. The Fall

16. Throughout the day on Thursday, January 1, 2026, snow and ice in the region repeatedly melted and refroze, causing ice to form.

17. On information and belief, precipitation had ended well before Plaintiff's fall, and Defendant had a reasonable opportunity after the precipitation ended to remove or treat the resulting ice before employees and contractors arrived on the morning of January 2, 2026.

18. On Friday, January 2, 2026, at approximately 5:30 a.m., Plaintiff parked in the Base parking area and walked toward the pedestrian entrance gate to report to work.

19. It was dark, and a dusting of snow concealed the underlying accumulation of ice on and around the curb and walkway leading to the pedestrian entrance gate.

20. On information and belief, Defendant had not properly salted, sanded, plowed, shoveled, or otherwise treated the ice, and had not posted any warning signs or other notice of the hazardous condition.

21. No alternative route to the pedestrian entrance gate was available to Plaintiff.

22. As Plaintiff stepped up onto the curb his foot slid on the concealed ice, and he fell onto the left side of his body.

23. Plaintiff reported the fall to his supervisor that morning.

**C. Plaintiff's Injuries and Treatment**

24. Later that day, Plaintiff presented to the Emergency Department at Virtua Voorhees Hospital complaining of severe left rib pain and left knee pain.

25. X-rays of the left ribs revealed fractures of the left seventh through ninth posterior ribs.

26. A CT scan of the chest revealed acute displaced fractures of the posterior left seventh and eighth ribs and an acute nondisplaced fracture of the posterior left ninth rib.

27. Plaintiff suffered closed fractures of multiple ribs of the left side.

28. Plaintiff continues to experience rib pain and requires ongoing medical evaluation and treatment.

29. To date, Plaintiff has incurred medical charges for treatment of his injuries.

**D. Administrative Claim**

30. Plaintiff presented an administrative tort claim on Standard Form 95 to the Department of the Air Force, the appropriate federal agency, arising out of the January 2, 2026, incident.

31. By letter dated February 26, 2026, the 87th Air Base Wing, Office of the Staff Judge Advocate, acknowledged that the Air Force Legal Office at Joint Base McGuire-Dix-Lakehurst received Plaintiff's claim on February 25, 2026.

32. Plaintiff's administrative claim was presented within two years after the claim accrued, as required by 28 U.S.C. § 2401(b).

33. By written notice dated June 30, 2026, the Department of the Air Force made a final denial of Plaintiff's administrative claim within the meaning of 28 U.S.C. § 2675(a).

34. Plaintiff has exhausted his administrative remedies, and this action is timely because it is commenced within six months after the date of mailing of the agency's notice of final denial, as required by 28 U.S.C. § 2401(b).

## V. CAUSES OF ACTION

### COUNT I
### (Negligence – 28 U.S.C. §§ 1346(b) and 2674)

35. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs.

36. At all material times, Plaintiff was lawfully on the Base premises for the purpose of reporting to work as an employee of The Boeing Company, a private contractor and not an agency of the United States, and was a business invitee of Defendant.

37. Defendant, through its employees and agents acting within the scope of their office or employment, owed Plaintiff a duty to exercise reasonable care to inspect and maintain the parking area, curbs, walkways, and pedestrian entrances of the Base in a reasonably safe condition, to remove or treat accumulations of snow and ice within a reasonable time, and to warn of dangerous conditions of which it knew or reasonably should have known.

38. Defendant knew, or in the exercise of reasonable care should have known, of the icy condition on and around the curb and walkway leading to the pedestrian entrance gate, which existed for a sufficient length of time that Defendant should have discovered and remedied it before Plaintiff's fall.

39. Defendant breached its duty of care to Plaintiff by, among other things:

a. Failing to remove, salt, sand, or otherwise treat the ice on and around the curb and walkway leading to the pedestrian entrance gate;

b. Failing to reasonably inspect the parking area, curbs, and walkways for snow and ice before the start of the workday, when Defendant knew employees and contractors would be arriving on foot;

c. Failing to implement, follow, and enforce reasonable snow and ice removal policies, procedures, and schedules for the parking area and pedestrian entrances of the Base;

d. Failing to warn Plaintiff and other pedestrians of the icy condition by signs, cones, barricades, or other means;

e. Failing to provide adequate lighting at the parking area and pedestrian entrance gate during pre-dawn hours, when pedestrians could not see the ground surface;

f. Failing to close or cordon off the affected area or to provide a safe alternative route to the pedestrian entrance gate;

g. Failing to properly train and supervise the personnel responsible for snow and ice removal and premises maintenance at the Base; and

h. Otherwise failing to exercise reasonable care under the circumstances.

40. Defendant's negligent acts and omissions are not shielded by the discretionary function exception, 28 U.S.C. § 2680(a), because the routine inspection, maintenance, and removal of snow and ice from parking areas and walkways involves the implementation of ordinary safety measures rather than the exercise of policy judgment.

41. Under the law of the State of New Jersey, a private person under like circumstances would be liable to Plaintiff for the injuries and damages described herein.

42. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, including but not limited to past and future medical expenses; past and future pain, suffering, and disability; past and future emotional distress, mental anguish, and loss of enjoyment of life.

## VI. Prayer for Relief

Plaintiff Kevin Getchell respectfully requests that the Court enter judgment in his favor and against Defendant United States of America, and grant the following relief:

A. Compensatory damages in an amount to be determined at trial, not to exceed the amount presented in Plaintiff's administrative claim except as permitted by 28 U.S.C. § 2675(b);

B. Costs of suit as permitted by 28 U.S.C. § 2412(a); and

C. Such other and further relief as the Court deems equitable and just.

## **NON-JURY TRIAL**

Under 28 U.S.C. § 2402, this action against the United States shall be tried by the Court without a jury.

## **CERTIFICATION UNDER L. CIV. R. 11.2**

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. Plaintiff's administrative claim described above was finally denied by the Department of the Air Force on June 30, 2026.

## **CERTIFICATION UNDER L. CIV. R. 201.1**

I certify that this action is not eligible for compulsory arbitration under L. Civ. R. 201.1 because the United States is a party to this action.

Dated: October 20, 2026

Respectfully submitted by:

**POND LEHOCKY GIORDANO INC.**

*s/ Jeremy E. Abay*________

Jeremy E. Abay, Esq. (083862013)
jabay@pondlehocky.com
Marissa S. Terwilliger, Esq. (568882026)
mterwilliger@pondlehocky.com
30 Washington Avenue, Suite D2
Haddonfield, NJ 08033
(856) 528-8115

*Attorneys for Plaintiff Kevin Getchell*